LAW OFFICES OF SUSANA M. MAHADY
Susana M. Mahady, Esq. (SBN 159442)
4365 Executive Drive, Ste. 1460
San Diego CA 92121
Tele: (858) 526-3050; Fax: (858) 526-3055
smahady@mahadylaw.com

Attorneys for Defendant
WALTER ANDY ANDERSEN, TRUSTEE WALTER A ANDERSEN TRUST;
ROLARO CORPORATION

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BYRDIE A. ANDERSEN, an individual and representative capacity as trustee; WALTER A. ANDERSEN, in individual and representative capacity as trustee; ROLARO CORPORATION, a California Corporation; and DOES 1-10,<br><br>　　　　Defendants. | Case No. 15-cv-642-L-NLS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS WALTER ANDERSEN, TRUSTEE WALTER A ANDERSEN TRUST AND ROLARO CORPORATION'S MOTION TO ENFORCE THE SETTLEMENT**<br><br>*NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT*<br><br>Hearing:　November 30, 2015<br>Time:　　10:00 a.m.<br>Magistrate:　Hon. Nita L. Stormes<br>Ctrm:　　Room 1210<br><br>Judge:　　Hon. M. James Lorenz<br>Courtroom: 5-B (5th Floor-Schwartz)<br>　　　　Suite 5145 |

## I.

## SUMMARY OF FACTS

In or about April 28, 2015, the parties reached a settlement after engaging in settlement discussions via email in response to Plaintiff's initial settlement demand of a monetary sum plus remediation. (*See,* Declaration of Susana M. Mahady in

---

*MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS WALTER ANDERSEN, TRUSTEE WALTER A ANDERSEN TRUST AND ROLARO CORPORATION'S MOTION TO ENFORCE THE SETTLEMENT*　　　　　　　　　　　　　　　　　　　　CASE NO. 15-CV642-L-NLS

1

Support of Motion to Enforce Settlement and Exhibits attached thereto, which are incorporated herein by reference). After the parties confirmed their respective clients' settlement authority and reached an agreement, the Plaintiff sought to include a confidentiality provision in the written settlement agreement. Defendants objected to the inclusion of a confidentiality provision because (1) it was not a negotiated term when the parties discussed, and ultimately reached a settlement, and hence lacked consideration; (2) Plaintiff's safety concerns to support his demand for confidentiality lack basis and do not outweigh the risk of exposure to liability for the Defendants, and (3) confidentiality thwarts the legal system from protecting the public from wrongful conduct when alleged violations or purportedly wrongful conduct is hidden by confidentiality.

On August 3, 2015, and following a Settlement Disposition Conference that was held on July 23, 2015, the court ordered the parties to lodge letter briefs setting forth their respective positions. Defendants timely lodged their letter brief. Nothing was submitted on behalf of the Plaintiff.

Defendants now respectfully request that this Court enforce the settlement reached by the parties and enter a judgment of dismissal of this action.

## II.

## THE COURT IS AUTHORIZED TO ENFORCE THE SETTLEMENT

Courts have inherent power to enforce settlements between the parties in pending cases. *Dacanay v. Mendoza,* 573 F.2d 1075, 1078 (9th Cir. 1978); See *Millner v. Norfolk & W. Ry. Co.,* 643 F.2d 1005, 1009 (4th Cir.1981) [District courts have inherent authority, deriving from their equity power, to enforce settlement agreements]. The fact that the agreement is not in writing does not render it unenforceable. *Alexander v. Industries of the Blind, Inc.,* 901 F.2d 40, 41 (4th Cir.1990).

The authority of a trial court to enter a judgment enforcing a settlement agreement has as its foundation the policy favoring the amicable adjustment of

2

disputes and the concomitant avoidance of costly and time consuming litigation. (citations omitted). *Dacanay v. Mendoza*, *supra* at 1078. The court has power to adjudicate disputed issues of fact relating to the settlement—e.g., whether there was a "meeting of the minds," whether the agreement was authorized, whether grounds for rescission exist. *Chavez v. New Mexico* 397 F3d 826, 830-831 (10th Cir. 2005).

The parties, through counsel, negotiated a settlement over several weeks following plaintiff's settlement demand for a monetary amount plus remediation of the alleged violations. (*See*, Declaration of Susana M. Mahady, Exhibit "A"). An agreement was reached after each attorney confirmed their authority to settle on behalf of their respective clients for the proposed monetary amount. After the parties agreed to the settlement amount and after notice that remediation was completed, Plaintiff asserted for the first time that confidentiality was an additional term to be included in the proposed settlement agreement. (*See*, Declaration of Susana M. Mahady, Exhibit "B"). Defendants objected to confidentiality as it was never mentioned during any of the prior settlement discussions and because it constituted a material term not negotiated as part of the settlement.

Courts have rejected efforts by counsel to require a party to accept a confidentiality clause that was not discussed in an oral agreement when there was no evidence that the parties contemplated inclusion of confidentiality clause during negotiations. *Platcher v. Health Professionals, Ltd.* 549 F.Supp.2d 1040 (2008); *See also, Dillard v. Starcon Intern., Inc.,* 483 F.3d 502 (7th Cir.2007) [court declined to enforce a confidentiality provision when the confidentiality provision was never discussed during negotiations in front of the magistrate judge].

This matter has since sat idle as no further action has been taken by the Plaintiff, including participation in the court's efforts to resolve this dispute. Assuming Plaintiff takes the position that there was no agreement because it was never memorialized in writing courts have enforced even oral agreements if the

3

plaintiff agreed to the terms of the settlement or if the plaintiff's attorney was authorized to settle the dispute and dismiss the action, even if the plaintiff later changes his mind after the oral settlement is reached between the parties. S*ee, Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144–1145 (9th Cir. 1977) [An oral settlement agreement may be enforced]; *See also, Butler v. Merrill Lynch, Pierce, Fenner & Smith*, 528 F.2d 1390, 1391 (9th Cir. 1975).

## III.
## THE SETTLEMENT SHOULD BE ENFORCED IN ACCORDANCE WITH ITS PLAIN MEANING

The principles guiding this Court's enforcing the Settlement are well-established. A settlement is essentially a contract and is therefore generally construed in accordance with the rules apposite to contracts. *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 378; 112 S. Ct. 748; *See also, Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989).

The Court should construe the agreement "according to the plain meaning of its terms." *Nodine v. Shiley Inc.*, 240 F.3d 1149, 1154 (9th Cir. 2001); *Vaillette v. Fireman's Fund Ins. Co.*, 18 Cal.App.4th 680, 686 (1993) ("words of the document are to be given their plain meaning and understood in their common sense; the parties' expressed objective intent, not their unexpressed subjective intent, governs." (citations omitted)).

Plaintiff had many opportunities to propose confidentiality as a material term to the agreement during the settlement discussions, however, it was never expressed until after the agreement was reached. The expressed objective intent of the agreement between the parties is set forth in the discussions contained in the attached Exhibit A and it is that agreement which should be enforced.

///

///

///

**4**

## IV.
## CONCLUSION

In view of the foregoing, and the agreement attached to the Declaration of Susana M. Mahady showing a valid and binding settlement agreement between the parties hereto, Defendants respectfully requests that the Court issue an order enforcing the settlement between the parties as well as an order requiring Plaintiff to execute the proposed written release and settlement agreement without any confidentiality requirements.

Respectfully submitted,

**LAW OFFICES OF SUSANA M. MAHADY**

Dated: October 19, 2015

By: s/ Susana M. Mahady
Susana M. Mahady, Esq.
Attorney for Defendants
WALTER ANDERSEN, individually and as trustee, ROLARO CORPORATION
Email: smahady@mahadylaw.com

5

*MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS WALTER ANDERSEN, TRUSTEE WALTER A ANDERSEN TRUST AND ROLARO CORPORATION'S MOTION TO ENFORCE THE SETTLEMENT*               CASE NO. 15-CV642-L-NLS