CENTER FOR DISABILITY ACCESS
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer**, <br><br> Plaintiff, <br><br> v. <br><br> **Byrdie A. Anderson,** in individual and representative capacity as trustee; <br> **Walter A. Anderson,** in individual and representative capacity as trustee; <br> **Rolaro Corporation,** a California Corporation; and Does 1-10, <br><br> Defendants. | Case: 3:15-CV-642-L-NLS <br><br> **Plaintiff's Opposition to the Defense Motion to Enforce Settlement** <br><br> Date: November 30, 2015 <br> Time: 10:00 a.m. <br> Ctrm: 1210 <br><br> NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT |

The defense has moved the Court to enforce a settlement agreement. The problem with the defense motion is that there was no settlement agreement reached. The defense motion borders on the silly. The email exchange submitted by the defense at Docket Entry 19-2 demonstrates all the relevant facts. To wit: On April 28, 2015, in the midst of settlement negotiations (before any agreement had been reached), defense counsel asked if the parties could "meet in the middle." *See* Defense Email dated 4-28-15 at 6:02 p.m. (Docket Entry 19-2, p. 6). Plaintiff's counsel responded

four hours later with the query, "Do you have authority for $7k?" *See* Plaintiff's Email dated 4-28-15 at 9:50 p.m. (Docket Entry 19-2, p. 6). The defense then responded with a "yes." *See* Defense Email dated 4-28-15 at 10:21 p.m. (Docket Entry 19-2, p. 6)   At this point, there was no settlement yet. No offer had been accepted.

The plaintiff then sent an email accepting a $7,000 settlement but stating that this came with additional terms:

> I have authority for 7k. I will forward a settlement agreement. As to the ***other terms***, our settlement agreement includes a confidentiality provision, as well as mutual releases, and a provision for electronic signatures. Let me know if any of these ***additional terms*** are problematic.

*See* Plaintiff's Email dated 4-28-15 at 11:05 p.m. (Docket Entry 19-2, p. 6) (emphasis added).

Obviously, the defense was not fine with the other proposed terms and no settlement agreement was reached. It is simply unfathomable how the defense can claim a settlement was reached as to the first sentence of the plaintiff's email while, simultaneously, refusing to acknowledge the balance of the email.

There is no settlement. There has been no meeting of the minds. The defense motion must be denied.

Dated: November 16, 2015      CENTER FOR DISABILITY ACCESS

/s/ Mark Potter
By:_____
Mark Potter, Esq.
Attorneys for Plaintiff