# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>WALTER A. ANDERSON, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 3:15-cv-00642-L-NLS<br><br>**ORDER DENYING MOTION TO ENFORCE SETTLEMENT** |

　　　Pending before the Court is Plaintiff Chris Langer's ("Plaintiff") Objection [Doc. 23] to the Report and Recommendation [Doc. 22] issued by Magistrate Judge Nita L. Stormes. Plaintiff is a California resident with physical disabilities. (Compl. [Doc. 1] ¶ 1.) Defendants allegedly are involved in the ownership and / or operation of a San Diego restaurant named Rolando's Taco Shop. (Id. ¶ 3.) On March 25, 2015, Plaintiff filed a complaint against Defendants alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., and the Unruh Civil Rights Act, Cal. Civ. Code § 51. (See Compl.)

　　　Subsequently, the parties commenced settlement negotiations. (See Emails [Docs. 19-2 Exs A, B; 23-2].) These negotiations appear to have been conducted primarily via email. In the email chain, the parties exchanged a series of offers and counteroffers, all of which involved remediation of the noncompliant features of the restaurant as well as

some amount of financial compensation to Plaintiff. Defendants contend the parties reached a settlement agreement through this email chain. This alleged agreement involves a promise by Defendant to remediate the noncompliant features and provide Plaintiff with $7,000 as consideration for Plaintiff's release of his claims. Defendants contend the agreement did not feature any confidentiality provision regarding the settlement.

On October 19, 2015, Defendants filed a motion to enforce the alleged settlement agreement. (See Mot. to Enforce [Doc. 19-1].) Plaintiff opposed this motion, arguing that there was never mutual consent to the terms Defendants claim shape the settlement agreement. (See Opp'n [Doc. 20].) Judge Stormes disagreed with Plaintiff and recommended that this Court grant Defendant's Motion to Enforce. (See Report and Recommendation.) Plaintiff timely filed an Objection, asserting the Report and Recommendation is erroneous inasmuch as it found the parties mutually consented to a settlement agreement that did not involve a confidentiality term. (See Objection.)

The Court finds Plaintiff's argument persuasive. Mutual consent is a necessary element of contract formation. Cal. Civ. Code § 1550. Thus, "[i]f there is no evidence establishing a manifestation of assent to the 'same thing' by both parties, then there is no mutual consent to contract and no contract formation." *Weddington Producs., Inc. v. Flick*, 60 Cal. App 4th 793, 811 (1998). In relevant part, the settlement discussions conducted via email progressed as follows:

1. Plaintiff: "Our counteroffer is $8,000 and remediation."
2. Defendants: "Please let me know if we can meet in the middle."
3. Plaintiff: "Do you have authority for 7k?"
4. Defendants: "Yes"
5. Plaintiff: "I have authority for 7k. I will forward a settlement agreement. As to other settlement terms, our settlement agreement includes a confidentiality provision as well as mutual releases, and a provision for electronic signatures. Let me know if any of these additional terms are problematic."

6. Defendants: "No confidentiality but all else is ok. Send me a draft and I'll review it and get it back to you promptly. Thanks."
7. Plaintiff: "Confidentiality is a material term. We need to have it to avoid harassment to our clients."

(Emails.)

The Court reads this email chain as involving a series of counteroffers leading up to a seeming impasse. More precisely, email 5 above appears to be an offer to settle for $7,000, remediation, and confidentiality. Email 6 rejects the confidentiality term, thus making it a counteroffer to settle for $7,000 and remediation only. In email 7, Plaintiff rejected that counteroffer by indicating the materiality of the confidentiality term. Thus, from the record before the Court, it appears the parties never executed a contract as there was no manifestation of assent to the same terms. For this reason, the Court declines to adopt the Report and Recommendation and **DENIES** Defendants' Motion to Enforce the Settlement.

IT IS SO ORDERED.

Dated: July 18, 2016

_____
Hon. M. James Lorenz
United States District Judge